**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cory R. Kreckler, | ) | No. CV 10-1427-PHX-DGC (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Cory R. Kreckler, who is confined in the Maricopa County Tent City Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will order Defendant Arpaio to answer the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.01. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

Named as Defendant in the Complaint is Joseph M. Arpaio, Maricopa County Sheriff. Plaintiff alleges three counts in the Complaint. In Count I, Plaintiff claims that his Fifth, Eighth, and Fourteenth Amendment rights were violated by Defendant Arpaio because he sets policy and he feeds Plaintiff only two meals per day. Plaintiff alleges that the "bag (cold) meal is given with often rotten meat and fruit," that the bread is "mostly prepared

incorrectly" which causes it to be uncooked, that "several times" the bread has had "visible mold spores," and that "dinner is lacking meat and is unsanitary[,] being served-up at Durango Kitchen" which is "full of unsafe building materials including lead and asbestos." Plaintiff also alleges that Defendant Arpaio sets policy and instructs his staff "to search and confiscate any rationed or stored meals," whereas "like food bought in [the] commis[s]ary is not deemed a health risk," thus giving "wealthy inmates preferred treatment."

In Count II, Plaintiff claims that his Fifth and Eighth Amendment rights were violated by Defendant Arpaio because he sets policy and he "puts [Plaintiff] and all other pre[]trial detainees in hazardous conditions by overcrowding intake/booking cells with 25-35 people when [the] cell is designed and seats clearly 8-10 people," "forcing" those in the cell to sit on an unsanitary floor, "so close as to make contact with each other." Plaintiff alleges that no cleaning was done in the 26 hours he was "in this process, with no op[p]ortunity to sleep for [a] minimum 6 h[ou]rs." Plaintiff further alleges that "this cell" at the Fourth Avenue Jail has vomit and feces on the floor, does not have soap, and does not have toilet paper available. Plaintiff also alleges that in the Madison Avenue Court "holding tanks," he was "put in a cell made for 12 people, with 50 other inmates under [the] same conditions."

In Count III, Plaintiff claims that his Fifth and Eighteenth Amendment rights were violated by Defendant Arpaio, who "is aware of hazardous substances and as policy puts [Plaintiff] and others in [a] condemned facility that has documented violations of health and safety." Plaintiff alleges that his "pod" was overcrowded; did not have enough tables to accommodate the population; had only two showers and two toilets, which were "full of excessive germs," for 64 men; had limited cleaning supples; had leaded paint and substandard leaded pipes; had bats, roaches, and rats; and had "illegal stray cats" roaming around "unchecked." Plaintiff further alleges that there was no "screening or isolation of other inmates" for various contagious diseases.

Plaintiff seeks monetary damages, including punitive damages, an apology from Defendant Arpaio, "financial fines," and holds on "federal monies" due to Maricopa County.

**IV.     Claims for Which an Answer Will be Required**

As a pretrial detainee, Plaintiff brings Count I under the Fifth, Eighth, and Fourteenth Amendments; and Counts II and III under the Fifth and Eighth Amendments. Because a pretrial detainee's claims for unconstitutional conditions of confinement arise from the Fourteenth Amendment Due Process Clause, while a convicted inmate's claims for unconstitutional conditions arise from the Eighth Amendment prohibition against cruel and unusual punishment, the Court will construe Plaintiff's Counts I, II, and III as being brought solely under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979) ("under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law").

Liberally construed, Plaintiff's allegations in Counts I, II, and III state a claim under the Due Process Clause of the Fourteenth Amendment. Accordingly, the Court will require Defendant Arpaio to answer the Complaint.

**V.     Warnings**

   **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $18.01.

(3)    The Clerk of Court **must send** to Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4)    Plaintiff **must complete and return** the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)    **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action **may be dismissed**.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)    The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7)    The United States Marshal **must notify** Defendant Joseph M. Arpaio of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is

not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant **must answer** the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) This matter is **referred** to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 21st day of July, 2010.

*/s/ David G. Campbell*
———————————————————
David G. Campbell
United States District Judge